# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JAMIE JACOBS                                                                                         PLAINTIFF
ADC # 154802

v.                                         5:14CV00006-JLH-JJV

JOHN P. MAPLES                                                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Plaintiff, Jamie Jacobs, filed this action alleging that Defendant Maples employed excessive force while restraining him. (Doc. No. 2).[1] Defendant Maples has filed a Motion for Summary Judgment (Doc. No. 17) arguing that he is entitled to dismissal due to Plaintiff's failure to exhaust administrative remedies against him. Plaintiff has not responded to the Motion, and the time for doing so has passed.

**II.   BACKGROUND**

Plaintiff alleges that on an unspecified date, Defendant Maples restrained him with handcuffs (Doc. No. 2 at 4). He claims the handcuffs were too tight and that during their placement, Defendant Maples twisted his hand and sprained or broke his thumb (*Id.*). Plaintiff also claims that Defendant Maples placed a knee against his head and applied unnecessary pressure (*Id.*).

For his part, Defendant Maples states that Plaintiff was restrained on November 15, 2013,

---

[1] Plaintiff's Complaint also contained a retaliation claim (Doc. No. 2 at 4) which was dismissed on March 20, 2014. (Doc. No. 9). Only Plaintiff's excessive force claim remains.

after he struck a correctional officer multiple times (Doc. No. 19 ¶ 3-6). He never struck or kicked Plaintiff, but took him to the floor (*Id.* ¶ 5). Defendant Maples argues that no grievance regarding these excessive force claims was ever filed or fully exhausted. (*Id.* ¶ 7).

### III.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV.  ANALYSIS

Defendant Maples argues that Plaintiff's failure to exhaust his administrative remedies should result in the dismissal of this action. For the reasons stated hereafter, the Court agrees.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

At the time of the alleged use of excessive force, Arkansas Department of Correction ("ADC") grievance procedure was governed by Administrative Directive 12-16. (Doc. No. 17-4). Administrative Directive 12-16 requires inmates to articulate their issues, first as an informal resolution and then, if the inmate is still unsatisfied, as a formal grievance. (*Id*. at 29-34). Defendant Maples offers the affidavit of Barbara Williams, ADC inmate grievance coordinator, which states that Plaintiff did not file or exhaust any grievances related to excessive force on November 15, 2013 (the date of the alleged incident) to January 7, 2014 (the date on which Plaintiff filed his Complaint) (Doc. No. 17-3 ¶ 11). Moreover, Plaintiff admits in his deposition testimony that he did not file any grievance related to his current allegations (Doc. No. 17-1 at 19:5-19:19).

Based on the foregoing, the Court recommends the dismissal of this action, without prejudice, based on Plaintiff's failure to exhaust his administrative remedies.

**V.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. No. 17) be GRANTED;

2. Plaintiff's claims against Defendant Maples be DISMISSED without prejudice;

3. The Court certify that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 21st day of November, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE